2009 MAY 29 AM 10:56

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JUNAYD ABDULKHAFID, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.: CV208-121
)
DONALD JACKSON, Warden, and )
JAMES DONALD, Commissioner, )
)
Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Junayd Abdulkhafid ("Abdulkhafid"), who is currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Wayne County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Abdulkhafid filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Abdulkhafid's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Abdulkhafid was convicted, after pleading guilty, in the Wayne County Superior Court of armed robbery, kidnapping, possession of a firearm during the commission of a

felony, and possession of a firearm by a convicted felon on August 3, 2003, and was sentenced on September 11, 2003. (Doc. No. 7-2, p. 1). Abdulkhafid did not file a direct appeal. Abdulkhafid filed a petition for habeas corpus relief in the Charlton County Superior Court on February 20, 2007; his petition was denied on February 26, 2008. Abdulkhafid filed an application for certificate of probable cause to appeal the denial of his state habeas petition, and the Georgia Supreme Court denied Abdulkhafid's application on July 7, 2008.

Abdulkhafid filed this petition for federal habeas corpus relief on August 5, 2008. Abdulkhafid asserts his trial counsel was ineffective because she did not investigate the law, facts of the case, his psychiatric history, or any viable defenses, nor did she perform any necessary pretrial functions, such as requesting a preliminary hearing, or inform him of the consequences of pleading guilty to the charges. Abdulkhafid also asserts he was compelled to be a witness against himself at his plea hearing without a determination of his competency to stand trial or to enter a guilty plea. Abdulkhafid also asserts he did not enter his guilty plea knowingly and intelligently. Finally, Abdulkhafid asserts his sentence and fines are excessive and constitute cruel and unusual punishment. Respondents contend Abdulkhafid's petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Abdulkhafid's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Abdulkhafid pleaded guilty to armed robbery, kidnapping, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in the Wayne County Superior Court on August 3, 2003, and he was sentenced on September 11, 2003. Abdulkhafid did not file a direct appeal. Thus, his conviction became final on or about October 14, 2003.[1] O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]") Because Abdulkhafid's conviction became final on October 14, 2003, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

---

[1] Abdulkhafid's conviction technically became final on October 11, 2003. However, because that day was a Saturday and the following Monday was a national holiday, Abdulkhafid's conviction became final on October 14, 2003.

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Abdulkhafid filed his state habeas petition on February 20, 2007. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which would have tolled the applicable statute of limitations period. Abdulkhafid did not file the instant petition until August 5, 2008, which was nearly 5 years after his conviction became final. Abdulkhafid's petition was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Abdulkhafid's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 29th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE